Doe v. Oyster River Sch. Dist.      CV-95-402-SD 09/23/97   P

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Janet Doe, et al

    v.                                    Civil No. 95-402-SD

Oyster River Cooperative
 School District


**O R D E R**


Plaintiffs move for clarification of a prior order of the court.  Document 29.  The defendant objects.  Document 31.

The order at issue was rendered on August 25, 1997.  Document 28.[1]  In relevant part, that order dismissed the individual claim brought by the mother of Jane Doe pursuant to Title IX.  Id. at 31.

The motion for clarification seeks to determine whether certain expenses paid by her mother in behalf of Jane Doe are recoverable in this litigation.[2]  The objection, conceding the right of the mother to recover such expenses in her own common

---

[1]In greater part, the order addressed and denied the defendant's motion for summary judgment.  Defendant has subsequently filed a motion for reconsideration (document 30), but, as the time for plaintiff's response thereto has not as yet expired, this order does not consider that motion.

[2]These expenses apparently comprise medical bills incurred in Jane's behalf, together with tuition expenses paid to a private school on Jane's withdrawal from the defendant's school.

law claim, correctly points out that such expenses are not recoverable in Jane Doe's Title IX claim.

The law is clear that a parent may commence a suit in behalf of a minor child. Rule 17(c), Fed. R. Civ. P.[3] But the capacity of the representative litigant is determined by the law of the forum state. 4 MOORE'S FEDERAL PRACTICE 2D § 17.25[1], at 17.104 (3d ed. Matthew Bender 1997); Developmental Disability Advocacy Center v. Melton, 689 F.2d 281, 285 (1st Cir. 1982).

And under the common law of New Hampshire, a child's right to recover for injuries is separate and distinct from the right of the parent to recover for loss of services and expenses caused by the injury to the child. Siciliano v. Capitol City Shows, 124 N.H. 719, 724, 475 A.2d 19, 21 (1984). Accordingly, such expenses as were here incurred by the mother of Jane Doe may not

---

[3]Rule 17(c), Fed. R. Civ. P., provides,

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

be recovered in the Title IX claim, but may be recovered under her common law claim.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

September 23, 1997

cc:    Eleanor H. MacLellan, Esq.
       Bradley F. Kidder, Esq.
       Donald E. Gardner, Esq.